## AMERICAN WOOLEN CO. v. WHITE, Collector.

### No. 4729.

District Court, D. of Massachusetts.
Aug. 10, 1931.

Melville F. Weston and Powers & Hall, all of Boston, Mass., for plaintiff.

Frederick H. Tarr, U. S. Atty., and J. Duke Smith, Sp. Asst. U. S. Atty., both of Boston, Mass., for defendant.

LOWELL, District Judge.

The declaration in this case sets forth the following facts:

The plaintiff paid the tax assessed against it for the year 1922. After that, on April 12, 1928, the collector made demand upon the plaintiff for the payment of a further sum as an unpaid portion of the taxes for the year 1922. This sum was paid in order to prevent a threatened distraint upon the plaintiff's property. On April 11, 1930, the plaintiff filed with the Commissioner of Internal Revenue a claim for the refund of this sum, which the Commissioner has not decided.

It appears by stipulation as to agreed facts that on December 17, 1930, the Commissioner of Internal Revenue notified the plaintiff of a deficiency for the year 1922, stating in this notice that the amount of tax for that year was the sum originally paid by the plaintiff. On January 12, 1931, the plaintiff took this matter to the Board of Tax Appeals. It is agreed that the appeal does not specifically raise the question involved in the present suit.

The defendant filed a plea in abatement relying on the provision of the statute, which declares that no suit shall be brought to recover any tax while a deficiency is being considered by the Board of Tax Appeals.

The plaintiff contends that the present suit does not relate to any tax, because none was assessed, but to the entirely unauthorized action of the Collector in recovering an additional sum from it by threat of distraint. It also says that the Board of Tax Appeals may not have jurisdiction to consider this matter, because under the statute it cannot consider the amount of the tax unless it first decides that there was no deficiency, which it may not do.

The pertinent provisions of the statutes are as follows: "If the Board finds that there is no deficiency and further finds that the taxpayer has made an overpayment of tax in respect of the taxable year in respect of which the Commissioner determined the deficiency, the Board shall have jurisdiction to determine the amount of such overpayment, and such amount shall, when the decision of the Board has become final, be credited or refunded to the taxpayer," as provided in subdivision (a). 26 USCA § 2322 (d).

"Deficiency" is defined as: "The amount by which the tax imposed by this title exceeds the amount shown as the tax by the taxpayer upon his return; but the amount so shown on the return shall first be increased by the amounts previously assessed (or collected without assessment) as a deficiency, and decreased by the amounts previously abated, credited, refunded, or otherwise repaid in respect of such tax." 26 USCA § 2271 (a).

The extra amount was paid for the year 1922, whether technically it was for a tax duly laid or was recovered by an unauthorized proceeding by the collector.

In my opinion the amount alleged to have been illegally taken from the plaintiff comes within the definition of "deficiency," which refers to amounts previously assessed or col-

lected without assessment. The Board of Tax Appeals therefore has jurisdiction over the matter in controversy, and this suit was illegally begun.

Plea in abatement sustained. Suit dismissed.